Singh v. Holder

BIA
Poczter, IJ
A200 939 336

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK,
> DENNY CHIN,
> > *Circuit Judges.*

_____

SIMRANJIT SINGH,
> *Petitioner,*

v.                                                    13-2785
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Terri J. Scadron, Assistant Director, and Lisa M. Damiano, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Simranjit Singh, a native and citizen of India, seeks review of a June 20, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") April 12, 2012, denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simranjit Singh*, No. A200 939 336 (B.I.A. June 20, 2013), *aff'g* No. A200 939 336 (Immig. Ct. N.Y. City Apr. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Singh's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on inconsistencies between Singh's testimony and the documentary evidence, the implausibility of his testimony, and the lack of corroboration. As the agency found, the record reflects three inconsistencies related to Singh's political activities and the alleged past harm. First, Singh's application stated that he led a group at a political protest, but he testified that he was merely a protester in the group. Second, Singh's testimony that he reported an attack by Congress Party members together with his father contradicted both his application, which did not mention that his father went to the police station, and his

3

father's statement that Singh went to the police and then told his father that the police had detained him when he "returned from the police station."  Singh's testimony also conflicted with a letter from his political party, the Shiromani Akali Dal Amritsar Party ("SADA"), which referenced seemingly less serious police harassment but made no mention of any physical attacks by Congress Party members.

Singh explained that his father did not enter the station, but waited outside because his lack of education made him ill-suited to file a complaint.  He also explained that he never reported his attacks to SADA.  However, the IJ reasonably found it implausible that his father, an allegedly experienced political activist, would not accompany his 18-year-old son inside the police station, and that Singh would not tell his party that a competing party was assaulting SADA members.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (per curiam) (holding that implausibility finding is supported by substantial evidence if "the reasons for [the IJ's] incredulity are evident" and "tethered to the record evidence"); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an

4

IJ is not required to credit an explanation for an inconsistency unless a reasonable fact finder would be compelled to do so).  The IJ therefore reasonably relied on these inconsistencies to support the adverse credibility determination.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

In light of these inconsistencies, the IJ reasonably gave the corroborating evidence (Singh's father's statement and the SADA letter) minimal weight.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion).  Given Singh's lack of credibility, the IJ did not err in finding that Singh's failure to provide other convincing corroboration further weakened his claim.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Accordingly, the totality of the circumstances supports the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief, because the only evidence of a threat to Singh's life or freedom, or

likelihood of torture, depended upon his credibility. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk